[No. 2258.    Decided September 26, 1896.]

JOHN L. MARSH, *Respondent*, v. MARTIN L. CAVANAUGH *et ux.*, *Appellants*.

BREACH OF CONTRACT TO CONVEY LAND — MEASURE OF DAMAGES.

The measure of damages for the breach of a contract to convey an undetermined piece of land is the amount of money paid upon such contract with interest thereon from the date of such payment.

Appeal from Superior Court, King County.— Hon. THOMAS J. HUMES, Judge. Affirmed.

*E. D. Benson*, for appellants:

Upon the point that plaintiff's recovery should be limited to the value of the property which he had contracted to purchase, and which defendants had failed to transfer, counsel cites *Cade v. Brown*, 1 Wash. 401;

*Tynan v. Dulling,* 25 S. W. 465; *McIntosh v. Johnson,* 31 Pac. 450; *Cimmaron Land Co. v. Barton,* 33 Pac. 317; *Hogan v. Kyle,* 7 Wash. 595 (38 Am. St. Rep. 910); *Carver v. Tayler,* 53 N. W. 386; *Muenchow v. Roberts,* 46 N. W. 802; *Allen v. Mohn,* 49 N. W. 52; *Violet v. Rose,* 58 N. W. 216; *Nichols v. Freeman,* 11 Ired. 99.

*Sapp & Lysons,* for respondent:

The contract does not specify any particular land to be conveyed, therefore the rule of law contended for by appellant can have no possible application in the determining of this case. In fact many courts have held the contrary. *Morgan v. Bell,* 3 Wash. 554; *Bryant v. Hambrick,* 9 Ga. 134; *Davis v. Smith,* 48 Am. Dec. 285; *Hall v. Delaplaine,* 68 Am. Dec. 58, and note, p. 64; *Margraf v. Muir,* 57 N. Y. 159; *Foley v. McKeegan,* 66 Am. Dec. 107, and note, p. 116; *Hammond v. Hannin,* 21 Mich. 387 (4 Am. Rep. 490).

The opinion of the court was delivered by

HOYT, C. J.— Respondent paid to the appellants $250, and took from them a contract or bond in the following language:

"This indenture, made this 8th day of August, 1892, between Martin L. Cavanaugh and Mary A. Cavanaugh, his wife, of King county, Washington, the parties of the first part, & John L. Marsh, of the same place, the party of the second part,

Witnesseth, for and in consideration of the sum of two hundred and fifty ($250.00) dollars lawful money of the U. S. to them in hand paid the receipt whereof is hereby acknowledged covenants and agrees to make a good and sufficient warrantee deed to the party of the second part or to his heirs or administrators to one lot in the plat of Duwamish City being the choice of any $250 lot in said Duwamish City as laid off by

the parties of the first part and we agree for ourselves our heirs administrators and assigns to make a good and sufficient warrantee deed as above stated as soon as we get the town plat of Duwamish City recorded, or forfeit in gold coin the sum of five hundred dollars to the party of the second part. In witness whereof we the parties of the first part have set our hands and seals this eight day of August, 1892."

This action was brought to recover for an alleged breach of such contract.

The making of the contract and the breach of its conditions by the appellants were admitted or clearly established upon the trial. The only question upon which there was any substantial difference between the parties was as to the measure of damages to which the respondent was entitled on account of such breach. The superior court held that such measure of damages was the amount of money paid to the appellants, with interest thereon from the date of such payment, and in so doing correctly interpreted the contract. If such contract had been for the conveyance of a specific piece of property described therein, there might be force in the contention of appellants that it would have been necessary for the respondent to have alleged and proved the value of such piece of property, and that his recovery would have been limited to such value; but this contract not having provided for the conveyance of any specific piece of land, the principal invoked by the appellants has no application in determining the measure of damages. The receipt of the money and the making of a contract for the conveyance of an undetermined piece of property, and proof that there had been a refusal on the part of those bound by the contract to comply with its terms, would entitle the party who had paid the

money upon the faith of such contract to recover it back with interest thereon from the date of payment.

The judgment will be affirmed.

SCOTT, DUNBAR and GORDON, JJ., concur.